UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEWAYNE HIGDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:04-CV-104-TS |
| ) | |
| RICK M. MYERS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

**BACKGROUND**

On September 14, 2004, the Plaintiff, Dewayne Higdon, filed his *pro se* Complaint against Rick M. Myers, a Wells County Chief Deputy Prosecuting Attorney, alleging malicious prosecution in violation of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

The Plaintiff alleges that, in 1997 and 1998, he filed complaints against the Defendant with the Indiana Supreme Court Judiciary Commission, which upset the Defendant. He filed such complaints again in the spring 2002 with Indiana's Governor. Two months after that, the Defendant allegedly sought revenge and instituted a criminal prosecution against him (the Plaintiff does not state what the charges were). The Plaintiff apparently filed more complaints which were reciprocated by more criminal charges against him.

At the time of filing this lawsuit, the charges against the Plaintiff's were still pending in the Wells Superior Court. The Plaintiff claims that the Defendant's criminal case against him "is very weak to say the least" and is a manifestation that "[t]he defendant is waging a personal vendetta and using his office to do it." (Pf. Comp. at 1). The Plaintiff believes that the Defendant has brought the

charges against him without investigating whether a crime had been committed, as he never questioned the Plaintiff or "the witness involved." Pf's Comp. at 1. The Plaintiff's complaint also contains the following allegations:

> On February 3rd my girlfriend (Cheryl Myers) had her jury trial after being arrested in my car for possession of marijuana.; she maintained her innocence for two years. It was her contention that marijuana was planted. She spent $700 to fly here from Texas where she lives. She was charged with a class a misdemeanor. The jury was out 23 minutes and found her not guilty. She has had serious physiological damage. She was traumatized by her experience. She is one of my main witnesses that will be testifying in my trial. The prosecution applied pressure to her to plead guilty. They were very upset because she would not make a deal. The defendant was well aware of the influence I had with Cheryl Meyers. Again the defendant filed charges on me.
>
> This time I fired a person who in turn files charges against me. . . . By not investigating to see if a crime has been committed, the defendant is denying plaintiff due process of law.

Pf's Comp. at 2. The Plaintiff is convinced that at trial he can establish a pattern of malicious prosecution for which he seeks both monetary damages and injunctive relief.

On September 28, 2004, the Defendant moved to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, under Federal Rules of Civil Procedure 12(b)(1) and (6). The Plaintiff did not respond to the motion, and on November 9, 2004, Magistrate Judge Cosbey issued an Order requiring the Plaintiff's response

2

by December 1, 2004. To this day, the Plaintiff has filed nothing.

**STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A dismissal under Rule 12(b)(6) for failure to state a claim is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).

To survive a motion to dismiss a § 1983 action, a plaintiff must allege facts showing that the defendant, acting under color of state law, intentionally and unlawfully deprived the plaintiff of a constitutional right. *See Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir.1990). Federal notice pleading requires only that the plaintiff "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) (quoting *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir.1999)). In addition, *pro se* pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

**DISCUSSION**

In his Motion to Dismiss, the Defendant argues that the Plaintiff's claims for money damages against him in his official capacity are barred by federal sovereign immunity. The Defendant also submits that he is entitled to absolute prosecutorial immunity from the Plaintiff's claims against him in his individual capacity. As noted above, the Plaintiff has not responded to the Defendant's contentions.

The Plaintiff does not specify whether he is suing the Defendant in his official or personal capacities, or both. Nevertheless, the Court will construe his claim as suing both the state and the Defendant personally. *Cf. Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) (noting that the courts must liberally construe the nature of the *pro se* plaintiff's claim).

**A.  The Plaintiff's Claim for Damages**

**(1)**  *The Defendant is Immune from Damages Suit in His Official Capacity*

Any claim against the Defendant in his official capacity is deemed a suit against his office, which is an arm of the State of Indiana. Yet, such claims are barred by the doctrine of sovereign immunity. "[I]n the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Suits against state officials in their official capacities are deemed as against the State itself and are therefore equally barred. *See Meadows v. Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988) ("The [Eleventh] amendment specifically bars official-capacity suits against State officials because the state is the real party in interest in such suits.").

4

The Defendant is a State officer and, since the State has not consented to suit, any claim against him in his official capacity must be dismissed for lack of jurisdiction. *See Study v. United States*, 782 F. Supp. 1293, 1297 (S.D. Ind. 1991) (although employed by a specific county, State prosecutors hold a position of State office); *see also Bibbs v. Newman*, 997 F. Supp. 1174, 1178 (S.D. Ind. 1998) ("A prosecuting attorney in Indiana clearly acts as a state official when prosecuting criminal cases.").

**(2)  *The Defendant is Immune from Damages Suit in His Personal Capacity***

Sovereign immunity does not prevent the Plaintiff's claims against the Defendant personally. *Hafer v. Melo*, 502 U.S. 21, 31 (1991). Nevertheless, in this case, such claims are barred by prosecutorial immunity.

To free the judicial process from the harassment and intimidation associated with frivolous litigation, the Supreme Court has held that prosecutors are immune from acts or omissions associated with the judicial process, in particular, those taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). The degree of immunity prosecutors are afforded depends on their activity in a particular case. If a prosecutor's function is judicial or quasi-judicial, he is entitled to absolute immunity from suit; but if the function was administrative or investigatory, he is only entitled to qualified immunity. *See, e.g., Spiegel v. Rabinovitz,* 121 F.3d 251, 257–58 (7th Cir.1997). Like other forms of official immunity, prosecutorial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Allegations of malice or bad faith are not sufficient to overcome the immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Even under the liberal notice pleading standard and the liberal construction afforded *pro se* pleadings, it appears that the Defendant's actions against the Plaintiff were judicial or quasi-judicial. The Plaintiff complains that the Defendant did not investigate whether a crime had committed before filing charges against him. If the Plaintiff alleges that the Defendant did not do the detective's work, then he fails to understand that prosecutors are not detectives and have no obligation to uncover the crimes. If the Plaintiff alleges that the Defendant did not examine the evidence before charging him, then he is bringing a claim from which the Defendant is protected by absolute immunity. *See Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985) (finding that a prosecutor was absolutely immune for allegedly failing to examine evidence); *see also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) ("[Absolute] immunity shields the prosecutor even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence."). Under either scenario, the Plaintiff may not proceed against the Defendant in his personal capacity.

**B.  The Plaintiff's Claim for Injunctive Relief**

Although the Defendant is immune from liability for the compensatory damages sought, he has no such immunity from injunctive relief. *Supreme Court of Va. v. Consumers Union of U. S. Inc.*, 446 U.S. 719, 736(1980) ("Prosecutors enjoy absolute immunity from damages liability but they are natural targets for § 1983 injunctive suits since they are the state officers who are threatening to enforce and who are enforcing the law.") (citation omitted); *Boyd v. Adams*, 513 f.2d 83, 87 (7th Cir. 1975) ("[D]efendant prosecutors are not immune from that part of plaintiff's claim that seeks injunctive relief."). But this lack of immunity does not save the Plaintiff's case for he has

not identified a constitutional violation for which relief could be granted.

The proper vehicle for the Plaintiff's claims in this Court is 42 U.S.C. § 1983. Although § 1983 is not a source of substantive rights, it provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687, 749 n.9 (1999). To prevail on a claim under § 1983, a plaintiff must show that "(1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) the defendant acted under color of state law." *J.H. Exrel. Higgin v. Johnson*, 346 F.3d 788, 791 (7th Cir. 2003) (citing *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996)). The Plaintiff cannot show that any of his constitutional or federal rights have been deprived.

**(1)** *Malicious Prosecution*

Not every wrong invokes constitutional protection. This is true of malicious prosecution: "'the interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects.' Once arraigned, the prosecution is underway. If that prosecution is at some point deemed malicious, then it 'is not a constitutional tort unless the state provides no remedy for malicious prosecution.'" *Wiley v. City of Chicago*, 361 F.3d 994, 998 (7th Cir. 2004) (citing *Gauger v. Hendle*, 349 F.3d 354, 362 (7th Cir.2003)). Since Indiana does provide a remedy for malicious prosecution, *see Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1029 (Ind. App. 2005) (listing the elements of malicious prosecution under Indiana common law claim), and the Plaintiff does not allege that a federal law was violated, his claim for malicious prosecution is limited to a state court. Yet, there are more reasons, why the Plaintiff's claims must be dismissed.

**(2)** *The Fifth and the Fourteenth Amendments*

The Plaintiff complains that the Defendant deprived him of his constitutional rights guaranteed under the Fifth and Fourteenth Amendments. He believes that the Defendant's prosecution of him denied him due process of law and equal protection under the law.

Under the due process clause, a plaintiff challenges not the deprivation itself but the deprivation without the required procedure. The due process clause guarantees that each person will be accorded a certain process before he is deprived of life, liberty, or property. *See* U.S. Const. amend. XIV, § 1. "The core of due process is the right to notice and a meaningful opportunity to be heard." *United States v. Kirschenbaum*, 156 F.3d 784, 792 (7th Cir. 1998) (citation omitted). "In a criminal case, the due process requirements of notice and a hearing are accomplished by the indictment and the trial." *United States. v. Ross*, 77 F.3d 1525, 1543 (7th Cir. 1996).

The Plaintiff complains of prosecution but not of prosecution without a notice and a hearing. Accordingly, the Plaintiff has not alleged that his due process rights have been violated.

As to his equal protection claim, the Plaintiff has not alleged that discrimination of any kind is even an issue. Accordingly, the Court need not consider this matter any further. *See, e.g.*, *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) ("To establish a prima facie case of discrimination under the equal protection clause, [plaintiff is] required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class.") (citing *McNabola v. Chicago Transit Auth.*,10 F.3d 501, 513 (7th Cir.1993) (quotation marks omitted)).

8

**(2)** *The Eighth Amendment*

The Plaintiff also insists that his constitutional rights under the Eighth Amendment have been violated: "[t]he mental anguish being suffered by the Plaintiff and the financial loss has caused serious mental and physical problems that can only be described as cruel and unusual punishment." Pf's Comp. at 2. The Plaintiff's perception is wrong. His alleged suffering is not a violation of the Eighth Amendment, which deals with conditions of confinement, not a prosecutor's decision to pursue a case. *See* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."); *see also Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002) ("The Eighth Amendment's prohibition against cruel and unusual punishment imposes upon prison officials the duty to 'provide humane conditions of confinement' for prisoners.").

Since the Plaintiff cannot establish that the Defendant deprived him of a right secured by the Constitution or laws of the United States, the Court need not consider his § 1983 claims any further.

**CONCLUSION**

The Plaintiff has sued the Defendant for compensatory damages under the claims from which the Defendant is immune in both his official and personal capacity. Moreover, although the Defendant has no such immunity under the Plaintiff's claim for injunctive relief, it appears beyond doubt that the Plaintiff does not state a violation of the Constitution or the laws of the United States. Accordingly, the Court GRANTS the Defendant's Motion to Dismiss [DE 8]. Judgment is entered for the Defendant, Rick M. Myers, and against the Plaintiff, Dewayne Higdon.

**SO ORDERED** on June 20, 2005.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT